LEACH, ETC., APPELLANT, *v.* COLUMBUS PLASTICS PRODUCTS, INC., ET, APPELLEES.

Common Pleas Court, Franklin County.

No. 215190.  Decided February 20, 1963.

*Messrs. Vorys, Sater, Seymour & Pease,* for appellee.
*Mr. William Saxbe,* attorney general, for appellant.

REYNOLDS, J.  This case is before the court on appeal from a ruling of the Board of Review, reversing a ruling of the Administrator, holding that one Gladys May Daft was entitled to unemployment compensation benefits for the week ending June 9, 1962.

Mrs. Daft was an employee of Columbus Plastic Products, Inc., from September 26, 1958 to May 29, 1962, and was a mem-

ber of Local 416, of the United Rubber, Cork, Linoleum and Plastic Workers of America, which was the bargaining agent for Local 416 with the employer.

All during Mrs. Daft's employment a labor contract was in existence between the Union and Columbus Plastics Inc., and in said contract is found the following:

"Any female employee who is pregnant shall be granted leave of absence with accumulated seniority not to exceed one year, of which not more than six months shall be taken after child birth."

On November 3, 1958, after a meeting between the Company and the Union representative the following rule was agreed on and notice thereof posted:

"We have decided from the standpoint of safety, health and production, that female employees who become pregnant shall work no longer than the end of the third month of pregnancy."

In May, 1962, Mrs. Daft reported that she was three months pregnant and pursuant to the rule above set out, she was placed on a leave of absence on May 29, 1962, pending the birth of her child.

The primary question here involved, is whether claimant was voluntarily unemployed during the week of June 9, 1961.

The Union of which she was a member, negotiated the above agreement affecting pregnant employees, and this was entered into for the benefit of the Company and the employees, and it must be concluded that claimant acquiesced therein and is bound thereby.

By placing herself in the condition where the Company must comply with the rule, the only logical conclusion is that she voluntarily accepted the status of having been placed on leave of absence. She maintained her seniority rights, right to pension, vacation pay, holidays pay and right to participate in group insurance, and expected to return to work after the birth of her child.

Section 4141.29, Revised Code, provides as follows:

"(A) No individual is entitled to a waiting period or benefits for any week unless he:

"(4) Is able to work and is both available for suitable

work and making such efforts to obtain suitable work as the administrator may require, considering, along with other pertinent factors, his chances of returning to his previous work, the methods by which an individual in his occupation normally obtains work, the length of his unemployment, and the specific conditions of employment and unemployment prevailing in his locality.

"(a) No pregnant individual may serve a waiting period or be paid benefits for any week falling wholly or partly within the eight weeks immediately prior to the expected date of confinement and within the eight weeks after the actual birth of her child, unless within such eight weeks after childbirth she furnishes medical evidence that she is fully able to work."

Under the contract between the Company and the Union by which she is bound, claimant was not available for work with the Company at the time in question. The statute renders a pregnant employee entitled to benefits for eight weeks immediately prior to confinement and eight weeks after the birth of the child, but if within the eight weeks after child birth she furnishes medical evidence that she is fully able to work, she may return.

The agreement here under consideration provides a maximum of six months for a waiting period after the birth of the child but the time may be shortened upon proof of ability to work at any time within that period.

While the statute makes it mandatory for a leave of absence for at least eight weeks before confinement, there would seem to be no valid reason why this time could not be extended by mutual agreement as has been done in this case.

Counsel for the Administrator cite three Ohio cases, all of which are Common Pleas Court cases. The first is that of *Leach, Administrator,* v. *Board of Review*, No. 29,935, in Portage County, in which the Court held that:

"A company policy on maternity leaves, even when carried into the provisions of a collective bargaining agreement with the claimant's bargaining agent, will not justify the conclusion that the leaves were voluntarily obtained."

Citing cases from New Jersey, Pennsylvania, Alabama and California.

This Court cannot agree with the reasoning indulged and refuses to follow.

In the case of *Helen Dallas* v. *Great Atlantic & Pacific Tea Company*, Cuyahoga Common Pleas Court, No. 756,145, the Court said:

"The claimant in Case No. 756,145, Helen Dallas, was employed by the Great Atlantic & Pacific Tea Company, Inc. * * * upon the advice of her union and her employer, she applied for and was granted a pregnancy leave of absence pursuant to the provisions of the collective bargaining agreement between the employer and the union, * * * The Board of Review, upon appeal, reversed the Referee's decision, one of the three members dissenting, because it was of the opinion that the claimant having requested and received a leave of absence continued in the employment relationship with the A & P and was not available for suitable work as required by Section 4141.29(A)(4), Revised Code."

One has to guess what the Referee held but, as this Court reads the opinion, the Board of Review held that claimant having requested a leave of absence, continued in employment relationship and was not available for suitable work as required by Section 4141.29, Revised Code.

Another case was *Alva J. Marton* v. *Cleveland Sheraton Corporation*, Case No. 753,466, Cuyahoga County Common Pleas Court, where the facts were similar to the *Dallas case* and on appeal the Court reversed the Board of Review in both cases, seemingly on the fact that the requests for leave of absence were made only after being advised that unless leave of absence was taken, claimants would be discharged.

Such fact differentiates those cases from the case here under discussion and have no persuasive value.

The Court holds that claimant, under the contract by which she was bound, was not available for suitable work, as provided in Section 4141.29, Revised Code; and Section 4141.32, Revised Code, has no application as it is not a question of waiving any rights that are here involved but a simple compliance with a contract, which on its face, seems to be a reasonable and sensible provision beneficial to both parties.

The ruling of the Board of Review is affirmed and the appeal dismissed at appellant's costs.